1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8   KYLE LYDELL CANTY,

9                              Plaintiff,            Case No. C17-0227-RAJ-MAT

10       v.

11   RUNETTE MITCHELL, *et al*.,                     ORDER DECLINING TO SERVE
                                                     COMPLAINT AND GRANTING LEAVE
12                              Defendants.          TO AMEND

13

14          Plaintiff Kyle Canty has submitted to this Court for filing a civil rights complaint under

15   42 U.S.C. § 1983.  The Court, having reviewed the complaint and record, hereby finds and

16   ORDERS as follows:

17          (1)      Plaintiff alleges in his complaint that the King County Correctional Facility

18   ("KCCF") and its employees have violated his rights under the Religious Land Use and

19   Institutionalized Persons Act ("RLUIPA"), and under the First and Fourteenth Amendments to

20   the United States Constitution, by denying him a Kosher religious diet, by denying and/or

21   ignoring his requests to meet with a clergy person of his religious faith, and by refusing his

22   requests to participate in KCCF's yoga program.  Plaintiff identifies as defendants in this action

23   five KCCF employees:  Runette Mitchell, L. Pait, H. Hendershot-Brown, E. Bautista, and T.

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 1

1    Clark.  Plaintiff seeks damages in the amount of $6 million.

2         (2)     In order to sustain a civil rights action, a plaintiff must show (1) that he suffered a

3    violation of rights protected by the Constitution or created by federal statute, and (2) that the

4    violation was proximately caused by a person acting under color of state or federal law.  *See*

5    *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  To satisfy the second prong, a plaintiff

6    must allege facts showing how individually named defendants caused, or personally participated

7    in causing, the harm alleged in the complaint.  *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir.

8    1981).

9         A defendant cannot be held liable under § 1983 solely on the basis of the individual's

10   supervisory responsibility or position.  *Monell v. Department of Social Servs., of City of New*

11   *York*, 436 U.S. 658, 691-694 (1978).  Rather, a plaintiff must allege that a defendant's own

12   conduct violated the plaintiff's civil rights.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90

13   (1989). A local government unit or municipality can be sued as a "person" under § 1983.

14   *Monell*, 436 U.S. at 691.  However, a municipality cannot be held liable under § 1983 solely

15   because it employs a tortfeasor.  *Id*.  A plaintiff seeking to impose liability on a municipality

16   under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury.

17   *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at

18   694).

19        (3)     The Court declines to order that plaintiff's complaint be served because plaintiff's

20   complaint fails to meet the standards set forth above.  Specifically, plaintiff fails to allege facts

21   showing how each named defendant personally participated in causing him harm of federal

22   constitutional dimension.  At this juncture, plaintiff has merely provided a list of defendants and

23   a series of allegations.  In order to adequately state a cause of action under § 1983, plaintiff must

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 2

1   connect the allegations to the defendants by identifying the specific conduct of each individual

2   defendant that plaintiff believes violated his federally protected rights.

3   The Court notes as well that plaintiff alleges in the body of his complaint that KCCF also

4   violated his federally protected rights.   Plaintiff did not specifically identify KCCF as a

5   defendant in his complaint which is appropriate given that KCCF is an entity of King County

6   and, as such, is not a proper defendant in this action.   *See Nolan v. Snohomish County*, 59

7   Wn.App. 876, 883 (1990) ("in a legal action involving a county, the county itself is the only

8   legal entity capable of suing and being sued").   However, plaintiff is advised that if he wishes to

9   pursue a claim against King County, he must identify the County as a defendant in this action

10  and he must specifically identify the County custom or policy which he believes caused his

11  injury.

12  (4)   Plaintiff may file an amended complaint curing the above noted deficiencies

13  within ***thirty (30) days*** of the date on which this Order is signed.   The amended complaint must

14  carry the same case number as this one.   If no amended complaint is timely filed, the Court will

15  recommend that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a

16  claim upon which relief may be granted.

17  Plaintiff is advised that an amended pleading operates as a *complete* substitute for an

18  original pleading.   *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.) (citing *Hal Roach*

19  *Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended),

20  *cert. denied*, 506 U.S. 915 (1992).   Thus, any amended complaint must clearly identify each

21  intended defendant, the constitutional claim(s) asserted, the specific facts which plaintiff believes

22  support each claim against each defendant, and the specific relief requested.

23  (5)   The Clerk is directed to send plaintiff the appropriate forms so that he may file an

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 3

amended complaint.  The Clerk is further directed to send copies of this Order to plaintiff and to

the Honorable Richard A. Jones.

DATED this <u>15th</u> day of February, 2017.

Mary Alice Theiler
United States Magistrate Judge

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 4