UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KYLE LYDELL CANTY,

                Plaintiff,

v.

RUNETTE MITCHELL, *et al*.,

                Defendants.

Case No. C17-0227-RAJ-MAT

REPORT AND RECOMMENDATION

Plaintiff Kyle Canty is currently confined at the King County Correctional Facility ("KCCF") in Seattle, Washington. On February 13, 2017, plaintiff submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 together with an application to proceed with this action *in forma pauperis*. (*See* Dkt. 1.) Plaintiff alleged in his complaint that KCCF and its employees had violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and under the First and Fourteenth Amendments to the United States Constitution, by denying him a Kosher religious diet, by denying and/or ignoring his requests to meet with a clergy person of his religious faith, and by refusing his requests to participate in KCCF's yoga program. (*See* Dkt. 1-1.) Plaintiff identified five KCCF employees as defendants in his complaint: Runette Mitchell, L. Pait, H. Hendershot-Brown, E. Bautista, and T. Clark. Plaintiff requested damages in the amount of $6 million. (*See id*.)

REPORT AND RECOMMENDATION - 1

On February 15, 2017, the Court issued an Order granting plaintiff's application to proceed *in forma pauperis* and his complaint was filed. (Dkts. 3, 4.) On the same date, the Court issued an Order declining to serve plaintiff's complaint and granting him leave to amend. (Dkt. 5.) In that Order, the Court advised plaintiff that he had not adequately alleged a cause of action against any of the named defendants. (*See id*. at 2-3.) The Court noted that while plaintiff had provided a list of defendants, and a series of allegations, he had not alleged facts showing how each named defendant personally participated in causing him harm of federal constitutional dimension. (*Id*.) Plaintiff was advised that in order to adequately state a cause of action under § 1983 he would have to connect the allegations to the defendants by identifying the specific conduct of each individual defendant which he believed violated his federally protected rights. (*Id*.)

The Court also noted that while plaintiff had alleged in the body of his complaint that KCCF violated his federally protected rights, he did not specifically identify KCCF as a defendant in his complaint. (*Id*. at 3.) The Court explained that the omission of KCCF was appropriate given that KCCF, as an entity of King County, is not a proper defendant in this action. *See Nolan v. Snohomish County*, 59 Wn.App. 876, 883 (1990) ("in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued"). The Court also explained that if plaintiff wished to pursue a claim against King County, he would have to identify the County as a defendant in this action and he would have to specifically identify the County custom or policy which he believes caused his injury.

Plaintiff was granted thirty days within which to file an amended complaint curing the specified deficiencies, and was advised that his failure to do so would result in a recommendation that this action be dismissed for failure to state a claim upon which relief may be granted. (Dkt. 5 at 3.) Plaintiff was subsequently granted additional time, until June 9, 2017, to file an amended

REPORT AND RECOMMENDATION - 2

complaint.  (*See* Dkts. 7 and 9.)  To date, the Court has received no amended complaint from plaintiff.

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B).  Because plaintiff failed to adequately allege a cause of action under § 1983 in his original civil rights complaint, and because he elected not to file an amended complaint, this Court recommends that plaintiff's complaint and this action be dismissed, without prejudice, under § 1915(e)(2)(B).  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect the right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 21, 2017**.

DATED this 27th day of June, 2017.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3